

FILED
OCT 0 5 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOSHUA PAYER | CIV. 12-4035 |
| Movant, | |
| -vs- | **REPORT and RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Joshua Payer ("Payer"), filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Payer is incarcerated in the Englewood, Colorado Correctional Institution after having been convicted in the District of South Dakota. *See* CR 10-40081.

## BACKGROUND

Payer was charged in August 2010 in a five count Indictment with Conspiracy to possess with intent to distribute Oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846; Dispensation and Distribution of Controlled Dangerous Substances in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2(a); Sex Trafficking of a Child in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2) and 1591(c); and Aiding and Abetting Sex Trafficking of a Child in violation of 18 U.S.C. §§2(a), 2(b), 1591(b)(2), and 1591(c). Eventually, Payer and the Government reached a Plea Agreement in which Payer agreed to plead guilty to a two count Information, waive Indictment, and the Government agreed to dismiss the original Indictment.

Count 1 of the Information charged Payer with Dispensation of Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2(a). Count 2 of the Information charged Payer with conspiring with Brandon Thompson to violate 18 U.S.C. § 1591(a)(1). In the factual basis

statement filed with the Court, Payer agreed among other things that he "did knowingly and intentionally conspire with Brandon Thompson . . .to violate 18 U.S.C. § 1591(a)(1). . . ." Payer entered his guilty plea on November 10, 2010. During the plea colloquy, Judge Schreier explained the maximum possible sentence for Count 2 as follows: "the maximum period of imprisonment is any term of years up to life. The maximum fine is not more than $250,000, or both prison and a fine. If you're sentenced to prison, it will be followed by a period of supervised release of not less than five years and up to life." *See* Change of Plea Hearing Transcript, CR 10-40081, Doc. 59.

On February 25, 2011, Judge Schreier sentenced Payer to twenty-two months imprisonment on each count of the Information, with the terms of imprisonment to run concurrently. She also imposed three years of supervised release for Count 1, and ten years of supervised release for Count 2, with the terms of supervised release to also run concurrently. At the close of the sentencing hearing, Judge Schreier advised Payer on the record:

> I do need to tell you, Dr. Payer, that you do have the right to appeal. In your plea agreement you gave up the right to appeal unless I sentenced you above your Advisory Guideline range. I sentenced you a little bit below that range, so you probably have given up your right to appeal. If you think you have an appealable issue that's been preserved and you want to pursue it, you need to file the Notice of Appeal within 14 days from today with the Clerk of Courts office. If your attorneys aren't able to help you prepare the Notice of Appeal and you want to appeal, you can contact the Clerk either by letter or by phone within the next 14 days, and they will both prepare and file the Notice of Appeal for you. Do you understand if you are going to appeal, you need to file the Notice within 14 days from today? [Payer answered "yes.']

*See* Sentencing Transcript, CR 10-40081, Doc. 60, p. 59-60. Judgment was entered on March 1, 2011. Payer did not file a direct appeal.

On February 24, 2012, Payer filed a pro se Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Payer's *pro se* Motion asserts three grounds for relief:

- (1) Ineffective Assistance of Counsel. Defense counsel failed to object to the extended period of supervised release imposed by the court. The Defendant expressly asked his counsel to object to the term of supervised release at the sentencing hearing, but defense counsel refused to do so. This constitutes ineffective assistance of counsel, as it created error that was prejudicial.

2

- (2) Improper Calculation of Sentence. The Court improperly calculated Defendant's sentence, specifically his term of supervised release. The court granted Defendant a 25% reduction in his sentence pursuant to USSG 5K1.1, but did not apply that reduction to the term of supervised release imposed (10 years). The term of supervised release should have been reduced to 7.5 years.

- (3) Failure to Articulate Facts Supporting Terms of Supervised Release. The court imposed a term of supervised release that was twice as long as the statutory minimum. The court failed to articulate any legal or factual basis supporting this extended period of supervised release. The imposition of this term of supervised release was unreasonable and constitutes cruel and unusual punishment.

On March 30, 2012, attorney John Murphy made an appearance on the record on behalf of Payer. On May 2 and May 10, 2012, counsel filed an Amended and a Second Amended Motion to Vacate, Set Aside, or Correct. *See* Docs. 10 and 13. Counsel asserted a fourth ground for relief:

- (4) Payer's sentence to a 10 year period of supervised release on Count 2 is contrary to law.

The Respondent has filed a Response in Resistance to Payer's Motion to Vacate, Set Aside, or Correct (Doc. 12). The matter is now ripe for decision.

## JURISDICTION

Payer is a federal prisoner, convicted in the District of South Dakota, who has filed a Petition to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The matter has been referred by Judge Schreier to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## STANDARD OF REVIEW

In general, to state a claim for relief under 28 U.S.C. § 2255, a federal prisoner must prove one of the following: (1) his sentence was imposed in violation of the laws or Constitution of the United States; (2) the sentencing Court did not have jurisdiction to impose sentence; (3) his sentence exceeded the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

*See* 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to relief in cases involving collateral attack on a criminal conviction. *Skinner v. United States*, 326 F.2d 594, 597 (8th Cir. 1964).

## PRINCIPLES GENERALLY APPLICABLE TO § 2255 PETITIONS

The federal habeas corpus remedy found at 28U.S.C. § 2255 is not designed to provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). A § 2255 cause of action is intended to correct an error which rises to the level of a "fundamental defect" which "inherently results in a complete miscarriage of justice." *Hill*, 368 U.S. at 427, 82 S.Ct. at 471.

Additionally, a collateral attack pursuant to § 2255 is not interchangeable or substitutable for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). In other words, a petitioner is usually precluded from asserting claims in a § 2255 motion that he has failed to raise on direct appeal. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousely v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citations omitted).

Conversely, claims which were raised but rejected on direct appeal may not be re-litigated in a § 2255 petition. *United States v. McGee*, 201 F.3d 1022 (8th Cir. 2000); *United States v. Wiley*, 245 F.3d 750 (8th Cir. 2001). Ineffective assistance of counsel claims, however, are generally not cognizable on direct appeal and are properly addressed in a § 2255 motion. *United States v. Looking Cloud*, 419 F.3d 781, 788-89 (8th Cir. 2005). No procedural default analysis, therefore, is necessary before analyzing ineffective assistance claims.

4

## DISCUSSION

### 1. Payer's Plea Agreement Included An Appeal Waiver

Payer signed a Plea Agreement (Doc. 37 in CR 10-40081). Paragraph O of the Plea Agreement states:

> The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines, as well as the length of his sentence for a determination of its substantive reasonableness should the court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

"There is no question in this circuit that a knowing and voluntary waiver of direct appeal rights is generally enforceable." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). However, such waivers are not "absolute." *Id.* The exceptions that have been articulated by the Eighth Circuit are: (1) defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of the plea agreement; (2) the plea must be knowing and voluntary; and (3) a claim of ineffective assistance of counsel in connection with the negotiation of the plea agreement cannot be barred by the agreement itself–the very product of the alleged ineffectiveness. *DeRoo, id.* at 923-24.

> The chief virtues of plea agreements are speed, economy, and finality. Waivers of appeal in plea agreements preserve the finality of judgments and sentences imposed pursuant to valid pleas of guilty. We also note that plea agreements are of value to the accused in order to gain concessions from the government.

*United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (citation omitted). In *Andis* the Eighth Circuit expanded upon the first exception to the validity of an appeal waiver (illegal sentence).

> A sentence is illegal when it is not authorized by law; for example when the sentence is in excess of a statutory provision or otherwise contrary to the applicable statute. A sentence is not illegal if the punishment meted out was not in excess of that prescribed by the relevant statutes . . . or the terms of the sentence itself are not legally or constitutionally invalid in any other respect.
>
> We wish to make clear that the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception. Any sentence imposed within the statutory range is not subject to appeal. Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver.

*Andis*, 333 F.3d at 892 (citations omitted). In *Andis* the Eighth Circuit determined that the appeal waiver precluded it from reviewing on appeal whether the District Court abused its discretion when it imposed certain conditions on the defendant's supervised release. *Id.* at 893-94.

### 2. Grounds One, Two and Three Are Barred by the Appeal Waiver

Applying the principles articulated in *DeRoo* and *Andis*, Grounds for Relief numbers One, Two, and Three in Payer's *pro se* motion are barred by the appeal waiver in his Plea Agreement.

Ground One in Payer's *pro se* Petition states:

> (1) Ineffective Assistance of Counsel. Defense counsel failed to object to the extended period of supervised release imposed by the court. The Defendant expressly asked his counsel to object to the term of supervised release at the sentencing hearing, but defense counsel refused to do so. The constitutes ineffective assistance of counsel, as it created error that was prejudicial.

Payer claims his counsel should have objected during the sentencing hearing when Judge Schreier announced her sentencing decision. Ineffective assistance claims that are related to the *negotiation of the plea agreement* are not barred by an appeal waiver. *DeRoo* 233 F.3d 923-24. During the change of plea hearing, Judge Schreier clearly and explicitly explained to Payer that the possible term of supervised release for Count 2 was "not less than five years and up to life." Doc. 59, p. 13. When asked if he understood the penalties that could be imposed for Count 2 of the Information, Payer did not tell Judge Schreier that he disagreed, that he believed his counsel was ineffective for negotiating a plea agreement which included such a penalty, or for failing to argue against the inclusion of such a maximum penalty in the plea agreement. Instead when asked if he understood the maximum penalty for Count 2, Payer said "I do, your Honor." Doc. 59, p. 13.

During that same hearing, Payer represented to the Court, under oath, that: (1) he was fully satisfied with his counsel's representation and advice; (2) no one had made any promise or assurance to him that was not in the plea agreement or supplement to try to persuade him to accept the plea agreement; and (3) he could be sentenced more severely than he anticipated and Judge Schreier was free to reject the recommendations in the plea agreement. Payer's disappointment in his counsel's failure to object to the sentence imposed does not state a claim for ineffective assistance of counsel

6

in *negotiating* the plea. Even if Payer had stated a claim for ineffective assistance in negotiating the plea which was sufficient to survive the appeal waiver, it would fail on the merits in light of the plea colloquy. *See Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (ineffective assistance claim failed because petitioner could not show result of plea negotiations would have been different; allegedly omitted information was supplied during plea process); *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Because Payer's ineffective assistance claim is not one which is excepted from the appeal waiver and because it would nevertheless fail on the merits, it should be dismissed with prejudice.

Payer's Second *pro se* Ground for Relief states:

(2) Improper Calculation of Sentence. The Court improperly calculated Defendant's sentence, specifically his term of supervised release. The court granted Defendant a 25% reduction in his sentence pursuant to USSG 5K1.1, but did not apply that reduction to the term of supervised release imposed (10 years). The term of supervised release should have been reduced to 7.5 years

This claim falls squarely within the appeal waiver. Although Payer claims Judge Schreier "improperly calculated" the supervised release term, he fails to claim the term is unauthorized by law or outside the statutory range. As such, Payer's Second Ground for Relief is outside the "extremely narrow" illegal sentence exception to an otherwise valid appeal waiver. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003).

Payer's Third *pro se* ground for Relief states:

(3) Failure to Articulate Facts Supporting Terms of Supervised Release. The court imposed a term of supervised release that was twice as long as the statutory minimum. The court failed to articulate any legal or factual basis supporting this extended period of supervised release. The imposition of this term of supervised release was unreasonable and constitutes cruel and unusual punishment.

7

Again, this claim falls squarely within the appeal waiver. Although Payer asserts the ten year supervised release term imposed by Judge Schreier's is "unreasonable" he fails to assert it is unauthorized by law or outside the statutory range. As such, Payer's Third Ground for Relief is outside the "extremely narrow" illegal sentence exception to an otherwise valid appeal waiver. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003).

### 3. Grounds Two and Three and Four Are Procedurally Barred by Payer's Failure to File a Direct Appeal

Although § 2255 provides relief in cases in which a sentence is in excess of the maximum term allowed by law, § 2255 is not available to provide relief in cases which present "garden variety Sentencing Guidelines application issues." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). "Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." *United Sates v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995). Payer's *pro se* Grounds Two, Three and Four are "garden variety" Sentencing Guideline application issues and as such should have been the subject of a direct appeal, not a § 2255 motion. A point not properly preserved on direct appeal cannot be reached in a § 2255 proceeding "unless the petitioner can show both cause for the point's not having been previously raised and prejudice from the claimed error." *Ward, id.* at 413.

In his Motion, Payer explains that during the 8 days he was in administrative segregation immediately after his sentencing hearing he was not allowed to contact his lawyer and was not provided with any stamps in order to send out correspondence. *See* Doc. 1, p. 7. When he was released, his lawyer told him there was not enough time to file an appeal[1] and he did not receive the

---

[1] In addition to the option of phoning the clerk to file his appeal for him, Payer could have requested an extension of time pursuant to Fed. R. App. P. 4(b)(4): "Upon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this rule 4(b)."

*Pro se* prisoners are presumed to know the law. *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003).

8

appeal form documents from prison officials and again had no stamps. This explanation does not provide cause in light of Judge Schreier's sentencing day admonition:

> If you think you have an appealable issue that's been preserved and you want to pursue it, you need to file the Notice of Appeal within 14 days from today with the Clerk of Courts office. If your attorneys aren't able to help you prepare the Notice of Appeal and you want to appeal, you can contact the Clerk either by letter *or by phone* within the next 14 days, and they will both prepare and file the Notice of Appeal for you. Do you understand if you are going to appeal, you need to file the Notice within 14 days from today? [Payer answered "yes.']

*See* Sentencing Transcript, CR 10-40081, Doc. 60, p. 59-60. At the conclusion of Payer's eight day stay in administrative segregation, even in the absence of stamps, forms, and legal counsel, Payer could have contacted the clerk by phone to file his Notice of Appeal. His failure to do so precludes a finding of "cause." Payer has not shown cause so the Court need not address the issue of actual prejudice. *Low Bey v. Groose*, 28 F.3d 816, 820 (8th Cir. 1994). Although the Court is not required to address the issue, Payer likewise cannot show prejudice. His *pro se* Grounds Two, Three and Four all allege in various forms that the District Court abused its discretion by imposing ten years of supervised release for Count 2 of the Information and by not reducing the supervised release term to coincide with the reduction of his term of imprisonment. "The district court's discretionary decision not to modify the sentence with respect to supervised release could not be considered a violation of law warranting habeas relief, as the . . . supervised release term was within the statutory limits for [petitioner's] felony." *Johnson v. United States*, 99 F.3d 1143 (8th Cir. 1996) (unpublished).[2] For these reasons, Payer's *pro se* Grounds Two, Three and Four are procedurally barred by Payer's failure to file a direct appeal.[3]

---

[2] Citation of unpublished opinions is governed by Eighth Circuit Rule Court of Appeals Local Rule 32.1A. *Johnson* was decided before January 1, 2007. It is cited here because of its persuasive value, and because no other Eighth Circuit authority has been found regarding the discretion of a district court judge not to modify reduction of supervised release to coincide with a sentence reduction.

[3] Payer does not assert he is actually innocent of the charges to which he pled guilty. "Thus, as a matter of law, he cannot satisfy the miscarriage of justice exception to the cause and prejudice requirement." *Oxford v. Delo*, 59 F.3d 741, 744 n.4 (8th Cir. 1995) (citations omitted).

### 4. Ground Four Fails on the Merits

Finally, counsel asserted a Fourth Ground for Relief in the Amended and Second Amended Motions (Doc. 10 and Doc. 13). Essentially, Counsel asserts in both Motions that the ten year term of supervised release Judge Schreier imposed for Count 2 is illegal and/or not authorized by law. As such, this claim falls outside the appeal waiver pursuant to *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003). The Fourth Ground for Relief argues that Payer was convicted of violating 18 U.S.C. § 1591(a) which is a Class A felony pursuant to 18 U.S.C. § 3559. Payer asserts that pursuant to 18 U.S.C. § 3583, as a general rule the maximum allowable term of supervised release for a class A felony is 5 years. Payer fails to acknowledge 18 U.S.C. § 3883(k), however, which specifically excepts 18 U.S.C. § 1591 from the general rule and provides that "the authorized term of supervised release for any offense under section . . .1591 . . is any term of years not less than 5, or life. . ." Both the body of Count 2 of the Information and the Judgement cite 18 U.S.C. § 1591(a) as the statute with which Payer was charged and convicted. 18 U.S.C. § 3883(k), therefore, applies and Payer is subject to a minimum of five years supervised release and a maximum of a lifetime of supervised release regarding Count 2 of the Information. A term of ten years of supervised release is well below a lifetime of supervised release and is therefore well within the confines of the statute.

Payer alternatively asserts that he was actually convicted of 18 U.S.C. § 1594(c), to which 18 U.S.C. § 3883(k) does not apply. This claim fails for two reasons. First, according to both the Information and the Judgment, Payer was convicted of 18 U.S.C. § 1591(a). Second, even accepting Payer's argument, § 1594(c) states:

> Whoever conspires with another to violate section 1591 shall be fined under this title, imprisoned for any term of years or for life, or both.

The clear import of § 1594(c) is that a conspirator who is convicted of violating any subsection of § 1591 is subject to the penalties provided as detailed in § 1591(b). While the terms of imprisonment vary depending upon the circumstances, the potential term of supervised release is the same for all violators of § 1591 pursuant to 18 U.S.C. § 3883(k). For all of these reasons, Payer's Fourth Ground for Relief fails on the merits and should likewise be dismissed.

### 5. Evidentiary Hearing and Certificate of Appealability

An evidentiary hearing is not required on a § 2255 motion if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) *(quoting Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Thus, if the motion, files and records of the case conclusively establish that Payer is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Kingsbury v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) ("an evidentiary hearing is necessary only where 'the court is presented with some reason to question the evidence's credibility.'"). An evidentiary hearing is not required in this case because Payer's allegations, accepted as true, do not entitle him to relief.

When the District Court has denied a motion under § 2255, the movant may not appeal without a Certificate of Appealability. Such a Certificate may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Payer has not made a substantial showing of the denial of a constitutional right. Accordingly, it is RECOMMENDED that no Certificate of Appealability be issued.

### CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District court that Payer's Motion, Amended Motion, and Second Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1, Doc. 10 and Doc. 13) be DENIED, that no evidentiary hearing be held, and that no Certificate of Appealability should issue.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 4 day of October, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge