UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA PAYER, | ) | Civ. 12-4035-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Joshua Payer, filed a pro se petition for relief under 28 U.S.C. § 2255 on February 24, 2012. Docket 1. The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Payer's § 2255 petition. Docket 5. On May 2, 2012, with the assistance of counsel, Payer filed an amended petition for relief. Docket 10. Payer amended his petition for relief yet again on May 10, 2012. Docket 13.

On October 5, 2012, Magistrate Judge Simko issued a report and recommendation for the disposition of Payer's § 2255 petition. Docket 14. After receiving an extension to respond, Payer filed his objections to the report and recommendation on October 26, 2012. Docket 19. The government responded on November 2, 2012. Docket 20. For the reasons set forth herein, Magistrate

Judge Simko's report and recommendation will be adopted in part and rejected in part.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In the instant case, Payer objects to Magistrate Judge Simko's findings that (1) Payer was convicted of 18 U.S.C. § 1591(a); (2) even if Payer was convicted of 18 U.S.C. § 1594(c), he would be subject to the same penalties that accompany § 1591(a); (3) Payer waived or procedurally defaulted his claim that the court imposed an illegal sentence; and (4) Payer waived his claim for ineffective assistance of counsel. Docket 14. The court has reviewed de novo the issues raised by Payer's objections.[1]

---

[1] Payer does not object to the magistrate judge's findings that grounds two and three of his original petition are barred by the appeal waiver. Docket 14 at 6–8. The court will therefore not address these findings other than to state that the court adopts the magistrate judge's findings on those issues. As a result, Payer's claims that the court improperly calculated his sentence by failing to reduce his term of supervised release by 25 percent and failed to articulate any legal or factual basis supporting the extended period of supervised release constituted cruel and unusual punishment in violation of the Eighth Amendment are denied.

### I.   Payer Pleaded Guilty to § 1594(c), Not § 1591(a).

In his first objection, Payer asserts that, although he was originally charged with participation in sex trafficking under § 1591(a)(1), he eventually pleaded guilty to a two-count Information, which charged him with one count of dispensing and distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a), and one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c). *See* Information at 3–4, United States v. Payer, CR 10-40081, Docket 36.

> The second count stated as follows:
>
> Beginning on or about July 1, 2009, and continuing through on or about November 20, 2009, all dates being approximate and inclusive, in the District of South Dakota and elsewhere, in and affecting interstate and foreign commerce, Defendant Joshua Payer did knowingly and intentionally conspire with Brandon Quincy Thompson, a/k/a Terence Maceo Clay, Jr., a/k/a "Kadafi," a/k/a Hanee Rashid King, a/k/a Hanee Rasid King to violate 18 U.S.C. § 1591(a)(1). That is, Payer and Thompson agreed together to transport and obtain a person, J.B., knowing and recklessly disregarding the fact that means of force, threats of force, fraud, and coercion would be used to cause J.B. to engage in a commercial sex act.

*Id.* at 4. Although the second count refers to § 1591(a)(1), the Information actually charged Payer with violating 18 U.S.C. § 1594(c), which is conspiracy to violate § 1591(a)(1). Docket 19 at 3. Furthermore, the plea agreement noted that Payer would be "waiv[ing] indictment . . . and plead[ing] guilty to an information charging violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a),

3

and of 18 U.S.C. § 1594(c)." Plea Agreement at 2, United States v. Payer, CR 10-40081, Docket 37.

On November 10, 2010, at a change of plea hearing, Payer pleaded guilty to "conspiracy to commit sex trafficking." Change of Plea Hearing Transcript at 19, United States v. Payer, CR 10-40081, Docket 59. Finally, and most significantly, on February 25, 2012, the court sentenced Payer to 22 months' imprisonment, followed by ten years of supervised release, for Count Two, which was conspiracy to commit sex trafficking.[2] Sentencing Transcript at 54–55, United States v. Payer, CR 10-40081, Docket 60. Therefore, the court rejects the magistrate judge's finding that Payer was convicted of violating 18 U.S.C. § 1591(a). Although Payer was originally charged with violating 18 U.S.C. § 1591(a)(1), the court finds that Payer eventually pleaded guilty to and was convicted of violating 18 U.S.C. § 1594(c).

---

[2] As Payer has noted, the judgment listed § 1591(a)(1) as the offense of conviction for Count 2, even despite specific reference to "conspiracy to commit sex trafficking." *See* Judgment at 1, United States v. Payer, CR 10-40081, Docket 54. Nonetheless, because "[t]he oral pronouncement by the sentencing court is the judgment of the court," this error in transcription is of no consequence. *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994); *see also United States v. Glass*, 720 F.2d 21, 22 n.2 (8th Cir. 1983) ("Where an oral sentence and the written judgment conflict, the oral sentence controls." (citing *Johnson v. Mabry*, 602 F.2d 167, 170 (8th Cir. 1979))). Accordingly, Payer was convicted of violating § 1594(c), not § 1591(a)(1).

## II. Having Been Convicted of Violating § 1594(c), Payer Is Not Subject to the Penalties That Accompany § 1591(a)(1).

In his second objection, Payer contends that his supervised release should have been determined with reference to 18 U.S.C. § 3583(b)(1), not § 3583(k). Pursuant to 18 U.S.C. § 3583(b)(1), the authorized term of supervised release for a Class A felony[3] is not more than five years. Under 18 U.S.C. § 3583(k), however, the authorized term of supervised release for certain enumerated offenses is "any term of years not less than 5, or life." Specifically enumerated offenses include "any offense under section 1201 involving a minor victim, and . . . any offense under section 1591, 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425." According to Payer, because the offense with which he was convicted is not listed in 18 U.S.C. § 3583(k), the authorized term of supervised release associated with his offense is "not more than five years," as indicated by 18 U.S.C. § 3583(b)(1). Docket 19 at 12–14.

Because 18 U.S.C. § 1594(c) is not among the enumerated offenses listed under 18 U.S.C. § 3583(k),[4] and because 18 U.S.C. § 1594(c) does not provide

---

[3] A violation of 18 U.S.C. § 1594(c) could result in a life sentence; a violation of § 1594(c) is therefore deemed a Class A felony. *See* 18 U.S.C. § 3559(a)(1).

[4] *Expressio unius est exclusio alterius.*

a more specific statutory maximum term of supervised release,[5] the court finds that the maximum term of supervised release to which Payer could have been properly sentenced is "not more than five years," as specified under 18 U.S.C. § 3583(b)(1). The court therefore rejects that portion of the magistrate judge's report and recommendation.

### III. Payer Has Neither Waived Nor Procedurally Defaulted On His Claim That the Court Imposed an Illegal Sentence.

Payer asserts that his claim regarding the imposition of an illegal sentence is neither barred by the appeal waiver nor procedurally defaulted through his failure to raise the issue on appeal. Docket 19 at 15–18. Furthermore, Payer insists that this claim, which was raised outside the one-year statute of limitations applicable to § 2255 petitions, "relates back" to his original petition and thus is not time barred. *Id.* at 19–20.

First, the court adopts the magistrate judge's finding that Payer did not waive his claim regarding the illegality of the ten-year term of supervised release imposed for Count 2—that the claim "falls outside the appeal waiver pursuant to *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003)." Docket 14 at 10. Even after knowingly and voluntarily waiving direct appeal rights, a defendant does not "waive their right to appeal an illegal sentence or a

---

[5] As Payer correctly notes, the statutory maximum provided at 18 U.S.C. § 3583(b)(1) may be superseded by a more specific provision, hence the introductory phrase "[e]xcept as otherwise provided."

sentence imposed in violation of the terms of an agreement." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (citing *United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir. 1998)). According to the Eighth Circuit, "[a] sentence is illegal when it is not authorized by law; for example when the sentence is in excess of a statutory provision or otherwise contrary to the applicable statute." *Andis*, 333 F.3d at 892. Although this exception is "extremely narrow," the court finds that Payer's claim—that the imposed term of supervised release was not within the range authorized by law—falls squarely within the exception and thus outside the appeal waiver.

Second, the court rejects the magistrate judge's finding that Payer has procedurally defaulted on his claim regarding the illegality of the ten-year term of supervised release imposed for Count 2. Docket 14 at 8–9. As already established, Payer's sentence was not authorized by law. The express language of 28 U.S.C. § 2255 specifies that such petitions may be used to collaterally attack a sentence "in excess of the maximum authorized by law." *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the

sentence to vacate, set aside or correct the sentence."). Therefore, Payer's failure to raise this issue on direct review does not preclude him from collaterally attacking his illegal sentence.

The government asserts that Payer's claim regarding the imposition of an illegal sentence is time barred by the one-year statute of limitations applicable to § 2255 petitions because that particular claim was asserted in an amended petition, which was filed after the applicable statute of limitations had run. Docket 20 at 3–5. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See also Mandacina v. United States*, 328 F.3d 995, 1000 n.3 (8th Cir. 2003) (noting that, because "[h]abeas proceedings are civil in nature . . . the Federal Rules of Civil Procedure apply" (citing *United States v. Craycraft*, 167 F.3d 451, 457 n.6 (8th Cir. 1999))). Ignoring legal theories and focusing on the factual underpinnings of Payer's original habeas petition, it is clear that the illegal-sentence claim asserted in Payer's amended petitions arose from the same occurrence set forth in his original petition—the court incorrectly imposed a ten-year term of supervised release at Payer's sentencing hearing. Thus, Payer's amended petitions and the claims therein relate back to his original petition and are not time barred.

Regardless of the applicable statute of limitations, the court may revise sentences so long as the revision is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Pursuant to 28 U.S.C. § 2255(a), the court has the statutory authority to modify a sentence that "was in excess of the maximum authorized by law." In accordance with a recent Eighth Circuit decision, the court can do so *sua sponte* and despite applicable statutes of limitations. *United States v. Daily*, 703 F.3d 451, 453–54 (8th Cir. 2013). Thus, the court grants Payer's § 2255 petition with regard to his claim that the court illegally imposed a 10-year sentence of supervised release. In light of this holding, the court does not need to reach the issue of whether Payer's counsel was ineffective and rejects that portion of Magistrate Judge Simko's report and recommendation. It is therefore

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 14) is adopted in part and rejected in part. Payer's § 2255 petition is denied with respect to his claim that the court improperly calculated his sentence by failing to reduce his term of supervised release by 25 percent and his claim that the court's failure to articulate any legal or factual basis supporting the extended period of supervised release constituted cruel and unusual punishment in violation of the Eighth Amendment. Payer's § 2255 petition is granted with respect to his claim that the court imposed an illegal sentence.

IT IS FURTHER ORDERED that upon release from imprisonment, Payer will be on supervised release for a term of three (3) years on Count 1 and five (5) years on Count 2, such terms to run concurrent. The United States Probation Office is directed to prepare an Amended Judgment.

Dated February 20, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE